# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Niking Corporation ) | ASBCA No. 60731 |
| ) | |
| Under Contract No. W9128A-12-C-0003 ) | |

APPEARANCE FOR THE APPELLANT:          Brian A. Darst, Esq.
                                       Reston, VA

APPEARANCES FOR THE GOVERNMENT:        Thomas H. Gourlay, Jr., Esq.
                                         Engineer Chief Trial Attorney
                                       Nathan Kanale Sadowski, Esq.
                                       Jeanine O. Cornwell, Esq.
                                       Robyn U. Au, Esq.
                                         Engineer Trial Attorneys
                                         U.S. Army Engineer District, Honolulu

## OPINION BY ADMINISTRATIVE JUDGE DICKINSON
## ON APPELLANT'S MOTION TO STRIKE RESPONDENT'S DEFENSES,
## OR IN THE ALTERNATIVE,
## MOTION FOR A MORE DEFINITE STATEMENT

Appellant moves to strike the entirety of paragraph 199 of respondent's 12 October 2016 answer in which respondent alleged seven (7) "affirmative or other defenses." In the alternative, appellant moves that we exercise our discretion under Board Rule 6(d) and order respondent to amend its answer to include more definite statements of the seven alleged defenses. Respondent opposes both motions.

Motions to strike a defense, affirmative or otherwise, "are not favored and will be denied if the defense fairly presents a question of law or fact." *Taylor & Sons Equipment Co.*, ASBCA No. 34675, 88-2 BCA ¶ 20,694 at 104,585. As we held in *Danac, Inc.*, ASBCA Nos. 30227, 33394, 88-3 BCA ¶ 20,993 at 106,071, "a defense is good unless it appears to a certainty that [the opposing party] would succeed despite any state of facts which could be proved in support of the defense." *See also Supreme Foodservice GmbH*, ASBCA No. 57884 *et al.*, 16-1 BCA ¶ 36,426 at 177,580-81.

The Board's rules require only notice pleading. *The Boeing Co.*, ASBCA No. 54853, 12-1 BCA ¶ 35,054 at 172,197-98. Rule 6(b) requires the government's answer to admit or deny the allegations of the complaint and shall "set forth simple, concise, and direct statements of the Government's defenses to each claim asserted by the appellant, including any affirmative defenses." The point of notice pleading is to put the

opposing party on notice that a particular defense is asserted so that the opposing party may "proceed to conduct discovery regarding the affirmative [or other] defense." *The Boeing Co.*, 12-1 BCA ¶ 35,054 at 172,197-98.

Appellant argues that respondent's defenses, alleged in paragraph 199 of the answer in simple, concise and direct statements, expose appellant to "trial by ambush" (app. mot. at 12). We find no evidence to support appellant's argument. The pleadings of the parties did not occur in a vacuum; rather, they were preceded procedurally by appellant's 3,085-page claim and respondent's 60-page final decision detailing the contracting officer's line-by-line factual and contractual reasons for denial of each issue presented in appellant's claim. To the extent appellant seeks more information regarding the factual support for respondent's asserted defenses than is provided in the contracting officer's final decision, it may request that information in discovery. Respondent, as the proponent of the defenses, has the burden of proving its asserted defenses on the merits after reasonable discovery. *Raytheon Company*, ASBCA No. 58849, 15-1 BCA ¶ 36,000 at 175,865.

Appellant also argues that any defenses not asserted by respondent in its answer are barred from being asserted in the future. Appellant is incorrect as Board Rule 6(d) permits either party to raise additional issues and/or defenses after the pleadings and the circumstances under which such additional issues or defenses may be considered by the Board.

On the basis of the foregoing, we deny appellant's motion to strike respondent's defenses. We further deny appellant's alternative motion for a more definite statement which is within our discretion under Board Rule 6(d).

Dated: 27 January 2017

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

2

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60731, Appeal of Niking Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3